## CIRCUIT COUNTY OF CULPEPER COUNTY

Frank Milen

v.

Culpeper Memorial Hospital

November 17, 1980

By JUDGE VANCE M. FRY

I have reviewed the memorandums submitted and the authorities therein cited. I am of the opinion and so find that "health care" as defined in the medical malpractice statutes is intended to and does cover the events alleged by the plaintiff as the basis for his claim. In using the term "health care provider," the legislature clearly intended that not only those providing services but those providing facilities should be subject to the act. The duty of a provider to furnish appropriate treatment embraces the duty of the provider who is furnishing the physical equipment, plant and structure incidental to and necessary for the medical treatment that is the cause for the patient being there in the first instance to provide sanitary (*Cashio* v. *Baton Rouge*, *etc.* cited by defendant) and safe equipment, plant and structure. The failure of a provider to maintain a room at a medically prescribed temperature, for whatever cause, is guilty of malpractice for the consequences of such failure if due to negligence. The negligence of an employee in the manner of pushing a patient in a wheel chair, held to be actionable as health care malpractice in the *Myers* v. *Woodall* case cited by the defendant, is indistinguishable from the situation where an employee negligently maintains the wheel chair in such manner as to cause the wheel to fall off when being used, resulting in injuries to the patient.

If the Culpeper Hospital instructed the plaintiff while under heavy sedation to take a shower, which sedation caused or contributed to cause the plaintiff to fall, then the issue of negligence is clearly an issue of malpractice. Similarly, if Culpeper Hospital instructed the plaintiff to take a shower and the condition of the equipment or surrounding facility provided for that purpose caused or contributed to cause the plaintiff to fall, the issue of negligence is likewise an issue of malpractice.

Having heretofore determined that the statutory notice of a malpractice claim required to be given as a condition precedent to instituting and maintaining a suit based upon a claim of malpractice, was not given in this case, the motion for judgment must be dismissed.